IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK NEIL COLONNA,<br><br>Petitioner,<br><br><br><br><br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255 AND DENYING PENDING MOTIONS<br><br><br><br><br><br>Civil Case No. 2:04-CV-1095 TS<br><br>Criminal Case No. 2:00-CR-411 TS |

This matter is before the Court on Petitioner Jack Neil Colonna's Motion to Vacate or Correct Sentence, pursuant to 28 U.S.C. § 2255 (§ 2255 Motion).[1]  Also before the Court are the following motions made by Petitioner: Motion in Habeas Corpus,[2] Motion for Entry of

---

[1] Docket No. 1 in Case No. 2:04-CV-1095 TS.

[2] Docket No. 10 in Case No. 2:04-CV-1095 TS.

1

Judgment,[3] Motion to Disqualify Counsel,[4] Motion to Strike Response to Motion,[5] and Motion

for Hearing re: Judicial Notice.[6]  Petitioner is proceeding *pro se* in this matter.  Having

considered the pleadings and the record before it, the Court finds that all of Petitioner's

arguments, and their underlying bases, do not establish appropriate grounds upon which to justify

relief under § 2255.  Based upon the reasons set forth more fully below, the Court will deny the §

2255 Motion and all pending motions and dismiss this case.

## BACKGROUND

This case has a long and somewhat complicated procedural history.  Petitioner was first

indicted in a two-count Indictment on September 6, 2000, alleging Possession of a Firearm by a

Convicted Felon and Possession of Ammunition by a Convicted Felon.[7]  Petitioner filed a

Motion to Suppress, alleging a *Franks*[8] violation, on October 17, 2000.[9]  That Motion was finally

resolved by denial on June 20, 2002.[10]

---

[3] Docket No. 13 in Case No. 2:04-CV-1095 TS.

[4] Docket No. 18 in Case No. 2:04-CV-1095 TS.

[5] Docket No. 25 in Case No. 2:04-CV-1095 TS.

[6] Docket No. 27 in Case No. 2:04-CV-1095 TS.

[7] Docket No. 1 in Case No. 2:00-CR-411 TS.

[8] *Franks v. Delaware*, 438 U.S. 154 (1978).

[9] Docket No. 21 in Case No. 2:00-CR-411 TS.

[10] Docket No. 67 in Case No. 2:00-CR-411 TS.

Shortly before the criminal trial was to commence, the government filed a three-count Superceding Indictment[11] on September 21, 2002, which contained the two previous counts, and added a count of Simple Possession of a Controlled Substance.  Trial was continued.  On September 25, 2002, Petitioner filed a Motion to Dismiss Count III[12] and Motion to Sever Count III.[13]  Both motions were denied at a hearing held on November 27, 2002.[14]

A two-day trial commenced in the underlying criminal case on December 5, 2002.  On December 6, 2002, the jury returned a verdict of guilty on all three counts.  That same day, the Court denied Petitioner's Motion for Judgment of Acquittal.

Petitioner was sentenced on April 3, 2003.  The Court heard argument on motions of both counsel, denied the government's motion for upward departure, and granted, in part, and denied, in part, Petitioner's motion for downward departure.  The Court sentenced Petitioner to 46 months incarceration.  Judgment was entered on April 4, 2003.[15]

---

[11] Docket No. 91 in Case No. 2:00-CR-411 TS.

[12] Docket No. 98 in Case No. 2:00-CR-411 TS.

[13] Docket No. 100 in Case No. 2:00-CR-411 TS.

[14] Docket No. 107 in Case. No. 2:00-CR-411 TS.

[15] Docket No. 144 in Case No. 2:00-CR-411 TS.

Petitioner filed a Notice of Appeal on April 10, 2003,[16] appealing several issues to the Tenth Circuit Court of Appeals, as discussed below.  On March 4, 2004, the Tenth Circuit affirmed the judgment of this Court.[17]

Thereafter, on April 19, 2004, Petitioner filed a petition for writ of certiorari with the United States Supreme Court.[18]  The Supreme Court denied the petition on October 8, 2004.[19]

Petitioner filed the instant § 2255 Motion on November 30, 2004.  As noted above, Petitioner has also filed additional motions in this civil case, up through December 29, 2005.

<u>DISCUSSION</u>

I.        <u>PLEADINGS PROPERLY BEFORE THE COURT</u>

In addition to his original § 2255 Motion, Petitioner has also filed several extraneous pleadings which are not properly before the Court.  The Court will exercise its authority to *sua sponte* strike those improper pleadings as follows.

On March 28, 2005, Petitioner filed a pleading entitled "Supplement Regarding Petition Under 28 USC 2255."[20]  In that pleading, Petitioner reasserts his position that the Supreme Court case of *Blakely v. Washington*[21] entitles him to a lesser sentence.  This position is set forth as

---

[16] Docket No. 145 in Case No. 2:00-CR-411 TS.

[17] Docket No. 164 in Case No. 2:00-CR-411 TS.  Judgment was filed in the Tenth Circuit on February 9, 2004.

[18] *See* Docket No. 166 in Case No. 2:00-CR-411 TS.

[19] *See* Docket No. 169 in Case No. 2:00-CR-411 TS.

[20] Docket No. 5 in Case No. 2:04-CV-1095 TS.

[21] 540 U.S. 965 (2004).

ground six in his original § 2255 Motion.  Further, as discussed below, *Blakely* and, by

extension, *United States v. Booker*[22] do not apply to this case to afford Petitioner the relief he

seeks.  Although Petitioner asserts that the filing is made in accordance with Fed.R.Civ.P. 15, the

Court notes that the rules applicable in this setting provide that the Federal Rules of Civil

Procedure are not binding in the § 2255 setting, but "may be applied."[23]  However, even if the

Court were to apply those rules to this proceeding, Petitioner's Supplement is inappropriate.

First, a supplemental proceeding under Fed.R.Civ.P. 15(d) requires leave of the Court.  Second,

Fed.R.Civ.P. 12(f) allows the striking of "any redundant, immaterial, impertinent, or scandalous

matter."  The Court finds that the March 28, 2005, pleading[24] is redundant, immaterial, and

impertinent, and orders the document stricken.

On March 31, 2005, Petitioner filed a pleading entitled "Addendum to Supplement

Regarding Petition Under 18 USC 2255."[25]  In this pleading, Petitioner once again addressed the

retroactivity argument just noted, and once again cites Fed.R.Civ.P. 15.  These arguments are

already contained in the original § 2255 Motion, and the Court will consider them on the merits

in the context of that Motion, which is properly before the Court.  However, Petitioner is not

entitled to a supplemental pleading which amounts to simply a third restatement of his

arguments.  For the same reasons just set forth with regard to the March 28, 2005, pleading, the

---

[22] 543 U.S. —, 125 S.Ct. 738 (2006).

[23] *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 12.

[24] Docket No. 5 in Case No. 2:04-CV-1095 TS.

[25] Docket No. 6 in Case No. 2:04-CV-1095 TS.

Court also finds the March 31, 2005, pleading[26] to be redundant, immaterial, and impertinent, and orders the document stricken.

On July 1, 2005, Petitioner filed a pleading entitled "Motion in Habeas Corpus [28 U.S.C. § 2255]."[27]  In this pleading, Petitioner moves the Court to vacate and set aside his sentence.[28] He further argues that: the sentence was imposed in violation of the Constitution or laws of the United States, the Court was without jurisdiction to impose the sentence, he was not a convicted felon under Ninth Circuit caselaw, he did not have possession of the weapon at issue, his Fifth Amendment due process rights were violated, and his Sixth Amendment right to effective assistance of counsel was violated.[29]  The Rules Governing Section 2255 Proceedings for the United States District Courts Rule 9 dictates that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."[30]  The Court

---

[26] *Id.*

[27] Docket No. 10 in Case No. 2:04-CV-1095 TS (brackets in original).

[28] *Id.* at 3.

[29] *Id.* at 1-2.

[30] Paragraph eight of 28 U.S.C. § 2255 provides that
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retro-

finds that this pleading is a "second or successive motion" and is, thus, barred from consideration by this Court without the requisite order from the Tenth Circuit.  Therefore, the July 1, 2005, pleading[31] is not properly before the Court and the Court will order it stricken.

Having stricken the three extraneous motions and pleadings filed by Petitioner, the Court will now consider Petitioner's original § 2255 Motion, and the remaining motions properly before it.  Those motions are Petitioner's original § 2255 Motion,[32] Motion for Entry of Judgment,[33] Motion to Disqualify Counsel,[34] Motion to Strike,[35] and Motion for Hearing re: Judicial Notice.[36]

II.      NON- § 2255 MOTIONS

A.      Motion for Entry of Judgment.

On July 26, 2005, Petitioner filed his Motion for Entry of Judgment, citing Fed.R.Civ.P. 8(d) and 58(a)(1).[37]  The government filed its response on August 15, 2005,[38] and Petitioner filed

_____

active to cases on collateral review by the Supreme Court, that was previously unavailable.

[31] Docket No. 10 in Case No. 2:04-CV-1095 TS.

[32] Docket No. 1 in Case No. 2:04-CV-1095 TS.

[33] Docket No. 13 in Case No. 2:04-CV-1095 TS.

[34] Docket No. 18 in Case No. 2:04-CV-1095 TS.

[35] Docket No. 25 in Case No. 2:04-CV-1095 TS.

[36] Docket No. 27 in Case No. 2:04-CV-1095 TS.

[37] Docket No. 13 in Case No. 2:04-CV-1095 TS.

[38] Docket No. 15 in Case No. 2:04-CV-1095 TS.

his reply on August 29, 2005.[39]  In his Motion, Petitioner argues that the government's responses to his previous filings have "failed to defend, refute, or otherwise controvert" his "proffered evidence, law and fact."[40]  Petitioner argues that such entitles him to a vacating of the judgment in the underlying criminal case, and immediate release from custody.[41]  The government responds that it has fully responded to Petitioner's pleadings.  Petitioner replies that the government has made misrepresentations in alleging that the original § 2255 Motion was deficient in its signature, because any deficiency was later corrected, and seeks sanctions in the amount of $1,500.

The Court again notes that the Federal Rules of Civil Procedure are not necessarily binding in the context of this § 2255 Motion.[42]  In any event, the Court finds that the entry of judgment in this case by way of Petitioner's Motion for Entry of Judgment, without full consideration on the merits, is both premature and inappropriate.  The Court notes that the government responded to the § 2255 Motion.  Further, the Court finds that sanctions are not warranted in this case, and will deny both requests.  The Court will dispose of this case on the

---

[39] On August 29, 2005, Petitioner filed a pleading entitled, "Response to Government's Misrepresentations on Defendant's Motion for Entry of Judgement and Request for Sanctions." The Court construes this as a reply brief in support of Petitioner's Motion for Entry of Judgment.

[40] Docket No. 13 in Case No. 2:04-CV-1095 TS at 1.

[41] *Id.* at 2.

[42] *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 12.

merits of the § 2255 Motion, as fully discussed below.  Therefore, the Court will deny

Petitioner's Motion for Entry of Judgment[43] and the accompanying request for sanctions.

        B.        <u>Motion to Disqualify Counsel</u>.

On September 26, 2005, Petitioner filed a Motion to Disqualify Government Counsel for

"conflicts of interest and cause."[44]  The government filed its response[45] on November 15, 2005.[46]

Petitioner alleges that counsel for the government should be disqualified from the instant matter

because of her involvement in a separate civil action[47] brought by Petitioner's wife.  Petitioner

argues that the other civil case has a "direct bearing on her personal financial situation," that

counsel for the government engaged in "concealment" for "purposeful evading" under

Fed.R.Civ.P. 55(a) for her failure to inform the court of that proceeding, and for bad faith and

impropriety.[48]  The government responds that there is no conflict of interest because Petitioner is

not a party in the other civil case, and that "there is no pecuniary interest by the government

warranting disqualification."[49]

---

[43] Docket No. 13 in Case. No. 2:04-CV-1095 TS.

[44] Docket No. 18 in Case No. 2:04-CV-1095 TS.

[45] The Court notes that the government's response is the subject of Petitioner's Motion to Strike (Docket No. 25) discussed below.

[46] Docket No. 23 in Case No. 2:04-CV-1095 TS.

[47] 2:05-CV-128 TC.

[48] Docket No. 18 in Case. No. 2:04-CV-1095 TS at 1, 3.

[49] Docket No. 23 in Case. No. 2:04-CV-1095 TS at 3.

The referenced other civil action has been fully disposed of against Petitioner's wife, and Petitioner was never a party to that action.  The judge in that case found, *inter alia*, that Petitioner's wife lacked standing to pursue the matter, that she could not represent her husband (Petitioner) in that case, and that counsel for the government was entitled to prosecutorial immunity.  Therefore, the Court finds that Petitioner's arguments herein are without merit, and no conflict of interest exists to warrant disqualification of government counsel in this case.  The Court will deny Petitioner's Motion to Disqualify Government Counsel.[50]

        C.    <u>Motion to Strike</u>.

On December 1, 2005, Petitioner filed a Motion to Strike Government's Response to Petitioner's Motion to Disqualify.[51]  Petitioner argues that he was not served with the government's response to his Motion to Disqualify discussed above, and that it should be stricken as it "demonstrat[es] the continuing duplicity of the government to preclude lawful determination of this Court."[52]  The government responds that although it did not attach a certificate of service to its response,[53] the document (along with others) was mailed to Petitioner at the federal correctional facility in Taft, California.  In support of this argument, the government attaches an affidavit of government counsel's legal assistant.

---

[50] Docket No. 18 in Case No. 2:04-CV-1095 TS.

[51] Docket No. 25 in Case No. 2:04-CV-1095 TS.

[52] Docket No. 25 in Case No. 2:04-CV-1095 TS at 1.

[53] Docket No. 23 in Case No. 2:04-CV-1095 TS.

Fed.R.Civ.P. 5(d) requires a certificate of service to be attached to all documents to be served upon a party. However, the Court notes that this District began the transition to electronic filing (CM/ECF) of documents on May 2, 2005, and the transition was implemented in stages to allow for training. The rules applicable to CM/ECF do not require the addition of a certificate of service if the document is to be delivered to a fellow electronic filer.[54] The affidavit provided by the government states that the legal assistant had been trained, but had not actual experience working with CM/ECF, and was under the "mistaken impression that when a document was filed electronically, a certificate of service was no longer needed."[55] She further states that she "did mail a copy, of all documents filed, to Mr. Colonna at the Taft Correctional Institution. My failure to attach a Certificate of Service to the electronically filed copy of the documents was a misunderstanding of the electronic[] filing procedures and simply an inadvertent mistake."[56]

The Court finds credible the affidavit testimony of the government's legal assistant, and further finds that the failure to attach a certificate of service to the document at issue was the result of inadvertent and excusable neglect or mistake which was the result of confusion over the major transition of the Court to CM/ECF. The Court finds that this error was remedied and that the documents were mailed, and that Petitioner has suffered no prejudice. The Court also notes that, even without the benefit of consideration of the government's response, its decision on the Motion to Disqualify (the source of the instant motion) would be the same, as that Motion lacked

---

[54] District of Utah CM/ECF Administrative Procedure Manual at (II)(H)(4).

[55] Docket No. 26-2 in Case No. 2:04-CV-1095 TS at 1-2.

[56] *Id.* at 2.

11

merit.  Therefore, the Court will deny Petitioner's Motion to Strike Government's Response to Petitioner's Motion to Disqualify.

        D.      <u>Motion for Hearing re: Judicial Notice</u>.

On December 29, 2005, Petitioner filed a document entitled Judicial Notice and Demand for Hearing.[57]  The Court notes that Petitioner also filed a document entitled Judicial Notice[58] on October 24, 2005, to which the government responded[59] on November 15, 2005.  Petitioner urges the Court to hold a hearing regarding new evidence in an unrelated state case involving one of the law enforcement officers who was a part of the underlying criminal case.  As the Court notes below, Petitioner has already had a fair hearing on the issues raised herein, and the Court will further discuss those issues in the context of the original § 2255 Motion below.

Petitioner already raised the issue of the veracity of Detective Weidmer's testimony in the underlying criminal case, on direct appeal to the Tenth Circuit and Supreme Court, and in the instant § 2255 Motion.  In the underlying criminal case, as noted below, the Court found a deliberate falsehood and three inaccurate/misleading statements in the search warrant affidavit and refused to consider those statements.[60]  That ruling was affirmed by the Tenth Circuit,[61] and

---

[57] Docket No. 27 in Case No. 2:04-CV-1095 TS.

[58] Docket No. 20 in Case No. 2:04-CV-1095 TS.

[59] Docket No. 22 in Case No. 2:04-CV-1095 TS.

[60] Docket No. 67 in Case No. 2:00-CR-411 TS.

[61] *United States v. Colonna*, 360 F.3d 1169, 1174 (10th Cir. 2004), Docket No. 164 in Case No. 2:00-CR-411 TS.

the Supreme Court denied Petitioner's petition for writ of certiorari.[62]  The issues raised in the

context of the Motion for Hearing re: Judicial Notice will be dealt with in the context of ground

two of his original § 2255 Motion below, and do not require a separate hearing as requested in

the instant Motion.  Therefore, the Court will deny Petitioner's Motion for Hearing re: Judicial

Notice.[63]

      III.    ORIGINAL § 2255 MOTION

      A.    Statute of Limitations.

The Court makes the initial finding that Petitioner's § 2255 Motion was timely filed.  As

noted above, judgment was entered in this case on April 4, 2003.  The Tenth Circuit affirmed this

Court's judgment on February 9, 2004, and the Supreme Court denied Petitioner's application for

writ of certiorari on October 4, 2004.  The instant § 2255 Motion was filed on November 30,

2004.  Therefore, the Court finds that the instant § 2255 Motion was timely filed, pursuant to the

limitations period set by 28 U.S.C. § 2255(1).

      B.    Petitioner's Claims.

In his Motion, Petitioner argues his sentence should be vacated based upon the following

eight grounds: 1) there was insufficient evidence to support a conviction; 2) deliberate falsehoods

and misleading statements resulted in an erroneous ruling by this Court regarding probable cause;

3) a key eyewitness was not allowed to testify at the *Franks* hearing; 4) inconsistent testimony of

investigating officer; 5) incorrect jury instruction; 6) insufficient evidence to support an

---

[62] *See* Docket No. 169 in Case No. 2:00-CR-411 TS.

[63] Docket No. 27 in Case No. 2:04-CV-1095 TS.

exceptional sentence under *Blakely*; 7) Tenth Circuit decision was based on false and misleading statements; and 8) unpresented evidence.  The Court will address each issue, in turn.

C.   <u>Issues Raised on Direct Appeal</u>.

Petitioner's first and second arguments – that insufficient evidence existed to support a conviction, and that deliberate falsehoods and misleading statements resulted in an erroneous ruling by this Court regarding probable cause – were raised and disposed of on direct appeal to the Tenth Circuit, with the previous judgment of this Court being affirmed.

1.   <u>Insufficiency of the Evidence</u>.

With regard to the first issue, under the heading "Evidence insufficient to support a conviction," Petitioner argues that "[t]he only issue at trial was whether Colonna possessed firearms/ammunition and the government conceded that it could not prove actual possession."[64]

On direct appeal to the Tenth Circuit, Petitioner expressly raised the issue "that the evidence presented at trial did not support a conviction . . ."[65]  After engaging in a discussion of the facts presented at trial, as well as a legal analysis of Petitioner's arguments, the Tenth Circuit held that "the jury could have reasonably concluded that the guns and ammunition were found in Mr. Colonna's dresser drawer, and that he therefore had access to them."[66]  More specifically, the

---

[64] Docket No. 1 in Case No. 2:04-CV-1095 TS at 4.

[65] *Colonna*, 360 F.3d at 1178.

[66] *Id.* at 1179-80.

Court found that "the evidence is sufficient to show knowledge of the guns in the bedroom"[67] and "the evidence is sufficient to show that Mr. Colonna had access to the guns."[68]

        2.    <u>Deliberate Falsehoods and Misleading Statements</u>.

Regarding the second issue, Petitioner states that his "[c]onviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure," arguing the concept of "*falsus in uno*" or "false in one, false in all."[69]  Petitioner concludes that this Court "erred in finding probable cause based on evidence illegally obtained from Colonna's trash."[70]

Again, this precise issue was raised by Petitioner on direct appeal, and the Tenth Circuit rejected Petitioner's argument.  The Tenth Circuit engaged in a detailed discussion of the facts and law applicable to this issue[71] and specifically made a finding that

> Mr. Colonna has failed to cite any authority indicating that, simply because one or more statements in a warrant affidavit are found to be deliberately false, then all of the statements must be deemed false as well, and our research has not uncovered any such authority.  Indeed, such a proposition would be at odds with the very holding of *Franks*, which permits reliance on a warrant affidavit "when [the] material that is the subject of the alleged falsity or reckless disregard is set to one side [and] there remains sufficient content in the warrant affidavit to support a finding of probable cause."[72]

---

[67] *Id.* at 1179.

[68] *Id.*

[69] Docket No. 1 in Case No. 2:04-CV-1095 TS at 4.

[70] *Id.*

[71] *Colonna*, 360 F.3d at 1173-1175.

[72] *Id.* at 1175 (citing *Franks*, 438 U.S. at 171-72).

Therefore, the issue of false or misleading statements under *Franks* has already been decided by this Court, and affirmed on direct appeal.  It is not now properly before the Court in this § 2255 context.

3.     <u>Finding</u>.

The Tenth Circuit has directly considered these two issues raised by Petitioner and has affirmed the judgment of his Court.  Therefore, the ruling of the appeals court is the law of this case and Petitioner may not again litigate these issues.  Further, Petitioner's claims at grounds one and two are without merit, and do not justify the relief sought.

D.     <u>Issues Raised for the First Time on Collateral Appeal</u>

The Supreme Court has ruled that, because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[73]  Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[74]  Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[75]

---

[73] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[74] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[75] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68 (A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error).

16

Here, Defendant did pursue a direct appeal with the Tenth Circuit.[76]  The Court has already found that the first two of Petitioner's eight argued grounds in support of his original § 2255 Motion were raised and disposed of on direct appeal and are, thus, not appropriately before the Court.  The Court now finds that five[77] of Petitioner's argued grounds were not raised on direct appeal, including:[78] a key eyewitness was not allowed to testify at the *Franks* hearing; inconsistent testimony of investigating officer; an incorrect jury instruction; the Tenth Circuit decision affirming this Court was based on false and misleading statements; and unpresented evidence.

Therefore, because the issues presented in the instant § 2255 Motion were not raised on direct appeal, they are procedurally barred, and can only be considered by the Court if the *Frady* factors set forth above are satisfied.

> 1.      Cause and Prejudice.

To be granted relief from the procedural bar under this analysis, a petitioner must establish both cause *and* prejudice.  Therefore, even if Petitioner argues that he was prejudiced, he must also argue that sufficient cause existed in order for the Court to peer past the procedural bar.

---

[76] Petitioner filed a Notice of Appeal on April 10, 2003.  On March 4, 2004, the Tenth Circuit affirmed the judgment of this Court.  Thereafter, on April 19, 2004, Petitioner filed a petition for writ of certiorari with the United States Supreme Court.  The Supreme Court denied the petition on October 8, 2004.

[77] The remaining claim – that brought pursuant to *Blakely* and *Booker* – was not available to Petitioner on direct appeal and will be dealt with separately below.

[78] These grounds are numbered three, four, five, seven and eight, respectively, in Petitioner's original § 2255 Motion.

Complicating this cause-and-prejudice inquiry is the fact that the Supreme Court has never "attempted to establish conclusively the contours of the standard." Nevertheless, certain general guidelines have emerged from the Court's jurisprudence. A petitioner must first show "cause" for his failure to raise the legal claim in an earlier petition. Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were "impeded" by "some objective factor external to the defense," for example, where "the factual or legal basis for a claim was not reasonably available to counsel" during earlier proceedings. The standard is an *objective* one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was "reasonably available" upon diligent inquiry.[79]

The Supreme Court has further clarified that the cause and prejudice standard "applies even in cases in which the alleged constitutional error impaired the truthfinding function of the trial."[80] Further, the Supreme Court "has long understood the vital interest served by federal procedural rules, even when they serve to bar federal review of constitutional claims."[81]

"As for prejudice, a petitioner must show 'actual prejudice resulting from the errors of which he complains.' More specifically, a petitioner must demonstrate 'actual prejudice resulting from the alleged constitutional violation.'"[82]

---

[79] *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (internal citations omitted) (emphasis added).

[80] *Coleman v. Thompson*, 501 U.S. 722, 747 (1991).

[81] *Id.* at 751 (emphasis omitted) (citing *Yakus v. United States*, 321 U.S. 414, 444 (1944) "No procedural principal is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.")

[82] *Johnson v. Champion*, 288 F.3d 1215, 1226-27 (10th Cir. 2002) (quoting *Frady*, 456 U.S. at 168, and *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

Here, Petitioner does not address his failure to raise these issues in the underlying criminal case, nor does he explain his failure to do so on direct appeal.  The underlying criminal case was very involved and continued for a lengthy period of time with numerous hearings and an eventual trial.  Petitioner's efforts at the trial level, on appeal to both the Tenth Circuit and the United States Supreme Court, and his extensive efforts in this collateral appeal under § 2255 demonstrate his ability to grasp what he considers to be the issues and raise them to the Court. This contradicts Petitioner's failure to present these issues at any time prior to this appeal.

Addressing the five claims before the Court in this context, the Court finds as follows.

    a.    <u>Key eyewitness not testifying at *Franks* hearing</u>.

Petitioner argues that a "key eyewitness was not allowed to testify at the *Franks* hearing. An eyewitness that would have shown the issue of the trash cover to have been illegally executed was being held in the courthouse for the purpose of testifying and was not called to do so."[83]

Whether or not a key eyewitness was allowed to testify at the *Franks* hearing was presumably known to Defendant at the time of the *Franks* hearing.  That issue could have, but was not, raised at the *Franks* hearing.  Even if that fact, presuming it is a fact, was not known until after the *Franks* hearing, it could have been raised at some point thereafter, during trial, at sentencing, or on direct appeal.

    b.    <u>Inconsistent testimony of investigating officer</u>.

On direct appeal, Petitioner raised a similar issue with regard to what he perceived as inconsistent testimony between law enforcement officers and another witness regarding the trash

---

[83] Docket No. 1 in Case No. 2:04-CV-1095 TS at 4 (italics added).

cover conducted on Petitioner.  The Tenth Circuit affirmed this Court's finding of credibility on the part of the law enforcement officers in the context of the *Franks* hearing and Motion to Suppress.  However, Petitioner's argument in the present context varies slightly.  Petitioner here argues that law enforcement officers gave inconsistent testimony regarding the type of law enforcement vehicle they were driving, where the vehicle was located during the trash cover operation, the length of time spent at Petitioner's residence, and the demeanor of the Petitioner at the time.

The Court notes that the weighing of evidence, including inconsistencies between witnesses, is the sole province for the finder of fact – in the context of the *Franks* hearing and Motion to Suppress it was the Court, and in the context of trial it was the jury.  The evidence has already been weighed in its context, and this setting is inappropriate to revisit the province of the fact finder.

To the extent that these issues were not already disposed of on direct appeal, the Court now finds that these facts were all known at the time of the trial, yet were not raised in the underlying criminal case, nor on direct appeal.

c.      Incorrect jury instruction.

Petitioner argues that "[t]he constructive possession instruction was absolutely dispositive to the jury's verdict.  The jury was denied a review of evidence and denied the definition of 'nexus.'"[84] Direct appeal is perfectly suited to raise issues of the legality or fairness of a jury

---

[84] *Id.* at 5.

instruction, yet Petitioner failed to do so.  It was not raised during trial or at any point prior to this § 2255 proceeding.

Again, Petitioner has failed to explain this failure.

> d.   Tenth Circuit decision was based of false/misleading statements.

Petitioner argues that the Tenth Circuit "[a]ffirmed the decision [of this Court] based on false and misleading statements made by the government even though clarifications were made at trial."[85]  It is wholly inappropriate for Petitioner to revisit the Tenth Circuit's decision in this § 2255 context.  This Court does not have authority to review the findings of the Tenth Circuit, nor would it attempt to do so.

> e.   Unpresented evidence.

Finally, Petitioner argues that certain evidence was never presented at trial.  Specifically, Petitioner states that

> Mrs. Colonna unintentionally withheld evidence pertaining to the alleged conversation between Mr. Colonna and the transporting officer and the origination of that story.  Evidence that one weapon was reported stolen was never presented.  The Court's findings of the deliberate falsehoods and misleading statements of [a law enforcement officer] were never presented at trial."[86]

Again, the Court reiterates that "[t]he standard is an *objective* one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was 'reasonably

---

[85] *Id.* at 5 (bracketed text added).

[86] *Id.* at 6.

available' upon diligent inquiry."[87]  The Court finds that each of these items was reasonably available upon diligent inquiry.

f.    Findings.

With respect to each of these five argued grounds, the Court finds that Petitioner has not argued, nor has he produced any evidence, that his efforts to raise this issue prior to this § 2255 appeal was impeded by some objective factor external to the defense, or that the factual or legal basis for a claim was not reasonably available to counsel during earlier proceedings.  Petitioner has not made any explanation for his failure to raise these issues at the appropriate time or in the appropriate context.  Petitioner also has not claimed ineffective assistance of his counsel at either the trial or appellate level which would buttress his claims that something out of his control lead to his failure to raise the issues before now.

Based upon the above, the Court further finds that Petitioner has established neither cause nor prejudice under *Frady*[88] which would excuse his procedural default.  Therefore, Petitioner's claims are procedurally barred.

2.    Fundamental Miscarriage of Justice.

In order to establish a "fundamental miscarriage of justice," Petitioner must make a colorable showing of innocence.[89]  Indeed, the Tenth Circuit has stated that "the § 2255 movant

---

[87] *Daniels*, 254 F.3d at 1190 (internal citations omitted).

[88] 456 U.S. at 167-68.

[89] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

who challenges his conviction can overcome the procedural bar if he can demonstrate that the constitutional error 'has probably resulted in the conviction of one who is actually innocent.'"[90]

Here, Petitioner argues that he was not properly convicted under 18 U.S.C. § 922(g)(1) or, more specifically, that the government could not properly prove constructive possession. However, a jury of Petitioner's peers unanimously found that he was guilty, this Court denied his Motion for Judgment of Acquittal, and the Tenth Circuit affirmed this Court, and also expressly found that the evidence supported the jury's verdict.

Given the Court's findings herein, the Court further finds no miscarriage of justice in this case which would remove the *Frady* procedural bar.

> E.    Judicial Notice.

As noted above, while the Court has stricken Petitioner's Judicial Notice and Demand for Hearing,[91] it also noted that it would consider the issues raised in Petitioner's Judicial Notice[92] as part of the disposition of the merits of the instant original § 2255 Motion.  The Court will do so now.

Petitioner urges the Court to take judicial notice of a case arising out of the City of Taylorsville, Utah which also involved Detective Weidmer and facts Petitioner believes to be similar to the facts in the underlying criminal case presented here.  Petitioner argues that because of these similarities, "[p]rosecutorial misconduct has occurred in the form of subornation of perjury, failure to disclose, and failure to defend against the challenges to the record by the government.  This later

---

[90] *Wiseman*, 297 F.3d at 979.

[91] Docket No. 27 in Case No. 2:04-CV-1095 TS.

[92] Docket No. 20 in Case No. 2:04-CV-1095 TS.

act in the concealment of exculpatory materials that denote perjorative [sic] testimony on the part of government witnesses which is now found to have been <u>by design</u>."[93]

The Tenth Circuit has established that, in order for a sentence to be vacated for use of perjured testimony to obtain a conviction, "petitioner has the burden of establishing that a) the testimony was false; b) that it was material; and c) that it was knowingly and intentionally used by the government to obtain a conviction."[94]  The Court finds that Petitioner has failed to meet his burden and, in fact, could not.  Even assuming, *arguendo*, that the first and second prongs were met, Petitioner has failed to establish that the government knowingly and intentionally used the false and material information to obtain a conviction.  First, the Court expressly did not consider the statements it found to be false.  Second, the affidavit for the search warrant at issue in the underlying criminal case was dated June 14, 2000.  The affidavit in the City of Taylorsville case was dated October 23, 2003.[95]  The government would have had no knowledge of the allegedly false statements of Detective Weidmer made over three years later.

Petitioner's arguments regarding judicial notice are unavailing, and the Court will not take judicial notice of these facts, nor will it consider them for purposes of ruling on Petitioner's original § 2255 Motion.   Petitioner's Motion for Hearing re: Judicial Notice[96] is denied.

---

[93] Docket No. 27 in Case No. 2:04-CV-1095 TS at 2 (emphasis in original).

[94] *McBride v. United States*, 446 F.2d 229, 232 (10th Cir. 1971) (internal citations omitted).

[95] Docket No. 27 in Case No. 2:04-CV-1095 TS at 11 n. 1.

[96] Docket No. 27 in Case No. 2:04-CV-1095 TS.

F.       *Blakely*/*Booker* Issues.

The final issue remaining before the Court is that argued in ground six of the original § 2255 Motion.  Petitioner argues that "[t]here is insufficient evidence in the record to support an exception sentence.  Colonna was deprived of his federal constitutional right to have a jury determine beyond a reasonable doubt *all* facts legally essential to his sentence,"[97] citing *Blakely v. Washington*[98] and, by extension, *United States v. Booker*.[99]  Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of his Sixth Amendment rights.

Simply put, *Booker* does not apply to cases on collateral appeal.  However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable in light of the circumstances presented in this case as they relate to the statutory factors set forth in 18 U.S.C. § 3553(a).

---

[97] Docket No. 1 in Case No. 2:04-CV-1095 TS at 5 (emphasis modified).

[98] 540 U.S. 965 (2004).

[99] 125 S.Ct. 738 (2005).

The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."[100]  The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[101]

This case is unique because Petitioner's judgment became final after *Blakely* was decided, but before *Booker* was decided.  In any event, the Tenth Circuit has held that "the rule announced in *Booker* is not retroactive."[102]  The Court finds that neither *Blakely* nor *Booker* applies retroactively to this case, and Petitioner's arguments under ground six are unavailing.

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that the March 28, 2005, pleading entitled "Supplement Regarding Petition Under 28 USC 2255" (Docket No. 5) is STRICKEN.  It is further

ORDERED that the March 31, 2005, pleading entitled "Addendum to Supplement Regarding Petition Under 28 USC 2255" (Docket No. 6) is STRICKEN.  It is further

ORDERED that the July 1, 2005, pleading entitled "Motion in Habeas Corpus [28 U.S.C. § 2255]" (Docket No. 10) is STRICKEN.  It is further

ORDERED that Petitioner's Motion for Entry of Judgment (Docket No. 13) is DENIED.  It is further

---

[100] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[101] 125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[102] *United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

ORDERED that Petitioner's "Motion to Disqualify Government Counsel Leshia M. Lee-Dixon Conflicts of Interest and Cause" (Docket No. 18) is DENIED.  It is further

ORDERED that Petitioner's Motion to Strike Government's Response to Petitioner's Motion to Disqualify (Docket No. 25) is DENIED.  It is further

ORDERED that Petitioner's Motion for Hearing re: Judicial Notice (Docket No. 27) is DENIED.  It is further

ORDERED that Petitioner's § 2255 Motion (Docket No. 1) is DENIED; it is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 13th day of June,  2006.

BY THE COURT:

_____
TED STEWART
United States District Judge